IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY J. EDIGER,

                              Plaintiff,

              v.                         CASE NO. 11-3089-SAC

STEVEN BELCHER, et al.,

                              Defendants.


O R D E R

This matter comes before the court on a civil complaint filed pursuant to 28 U.S.C. § 1331 by a prisoner incarcerated in the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas. Plaintiff Jerry J. Ediger proceeds pro se, and names nine current or former USDB prisoners as additional plaintiffs. Plaintiff Ediger is the only party to sign the complaint, and his signature states he is signing "for Plaintiffs."

On allegations concerning the conditions of confinement in administrative segregation at USDB, plaintiff seeks injunctive relief and damages. The defendants named in the complaint are USDB Commandant Steven Belcher, and USDB Deputy Commandant Thomas Schmitt, both in their official capacity.

*Motion for Class Certification*

Plaintiff's motions for class certification and for appointment of class counsel are denied. A party proceeding pro se may not represent other pro se parties in federal court, and may not serve as a class representative in a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000).

The court finds this action does not merit appointment of counsel, and concludes this matter should not be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Accordingly, plaintiff Ediger proceeds as the sole pro se plaintiff in this matter.   All remaining named plaintiffs are dismissed without prejudice to any such plaintiff filing a separate action if he chooses to do so.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this case, plaintiff broadly claims the policy and practice at USDB of imposing punitive conditions on inmates confined in administrative segregation violates the Due Process Clause. Plaintiff cites the classification of inmates to Maximum Custody who had not been found guilty of any facility infraction, the placement of inmates in administrative segregation while disciplinary offenses were investigated, and the continued segregated confinement of

inmates after full service of disciplinary sanctions.  Plaintiff identifies no specific personal involvement by him in any of these cited examples, and names defendants as responsible for the alleged unconstitutional USDB  policies and procedures.

Having reviewed the complaint, the court finds it is subject to being summarily dismissed for the following reasons.

Plaintiff's claim for damages against the two named defendants in their official capacity is barred by sovereign immunity.  Such claims are deemed to be an action against the Government, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and plaintiff identifies no waiver of sovereign immunity that would permit his claims to proceed against the United States.  *See U.S. v. Orleans*, 425 U.S. 807 (1976)(unless immunity is waived, sovereign immunity protects the United States government from suit); *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir.2006)("While 28 U.S.C. § 1331 grants the court jurisdiction over all 'civil actions arising under the Constitution, laws or treaties of the United States,' it does not independently waive the Government's sovereign immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver.")(*citation omitted*).  *See also Feres v. United States*, 340 U.S. 135 (1950)(no waiver of sovereign immunity under Federal Tort Claims Act for injuries to servicemen arising out of or in the course of activities incident to their military service); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983)(extending *Feres* doctrine to bar servicemen's claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages for alleged violations of constitutional rights by superior

officers); *Tootle v. USDB Commandant*, 390 F.3d 1280, 1281 (10th Cir.2004)(*Feres* doctrine barred complaint by prisoner seeking damages for constitutional and other violations alleged to have occurred during his USDB incarceration).

Plaintiff also seeks amendment of USDB procedures and sentencing credit for each day of unconstitutional punitive administrative confinement. Even assuming plaintiff's allegations of constitutional deprivation are sufficient on their face to establish this court's general federal question jurisdiction under 28 U.S.C. § 1331 to consider these requests for injunctive relief,[1] plaintiff alleges no distinct personal injury suffered or threatened for the purpose of establishing his standing to bring his federal claims as Article III requires.[2] Such injury "must be distinct and palpable as opposed to abstract, conjectural, or merely hypothetical." *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir.1993)(*citations and quotation marks omitted*). Plaintiff acknowledges in the complaint that individual circumstances are not included due to the number of plaintiffs involved and the nature of their claims. The court grants plaintiff an opportunity to amend

---

[1]*See Bell v. Hood*, 327 U.S. 678, 681-83 (1946)(federal court has jurisdiction to entertain complaint seeking recovery directly under the Constitution unless the claims "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous"); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1230-31 (10th Cir.2005)(federal district courts have jurisdiction over claims by federal prisoners seeking vindication of their constitutional rights under 28 U.S.C. § 1331 against federal officials).

[2]Plaintiff, for instance, asserts exhaustion of the administrative remedies available to USDB prisoners, but cites only administrative remedies sought by "[v]arious individuals listed in this claim as Plaintiffs." (Doc. 1, p.5)

the complaint to sufficiently establish plaintiff's standing to proceed in this matter.

However, even if the Article III standing requirement can be satisfied, amendment of the complaint to avoid dismissal of this action as stating no claim for relief is still necessary to state a viable constitutional claim.   Plaintiff's bare and conclusory assertion that the punitive conditions allegedly imposed for administrative detention constitute an atypical or significant hardship fails to establish a liberty interest protected by the Due Process Clause.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Hall v. Bellmon*, 935 F.2d at 1109-10.  The mere formulaic recitation of the elements of a cause of action is insufficient to avoid dismissal of a complaint as failing to state a claim for relief.  *Twombly*, 550 U.S. at 555.

### Notice and Show Cause Order to Plaintiff Ediger

Plaintiff Ediger is thus directed to show cause why the complaint should not be summarily dismissed for the reasons stated herein.  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff Jerry J. Ediger proceeds as the sole plaintiff in this matter, and that all remaining plaintiffs named in the caption are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Ediger's motion for class certification (Doc. 2) and for court appointed class counsel (Doc. 3) are denied.

IT IS FURTHER ORDERED that plaintiff Ediger is granted twenty (20) days to show cause why the complaint should not be summarily dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 20th day of July 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge